IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHNNY B. SHOWERS, | ) | |
|       Plaintiff | ) | C.A. No. 12-26 Erie |
| | ) | |
|       v. | ) | |
| | ) | Magistrate Judge Baxter |
| ERIE COUNTY COURT OF | ) | |
| COMMON PLEAS, et al., | ) | |
|       Defendants. | ) | |

## OPINION AND ORDER

United States Magistrate Judge Susan Paradise Baxter

### I. INTRODUCTION

#### A. Relevant Procedural History

On January 20, 2012, Plaintiff Johnny B. Showers, an inmate incarcerated at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Named as Defendants are the Erie County Court of Common Pleas ("Erie County Court") and Jack Daneri, Erie County District Attorney ("Daneri").

In his complaint, Plaintiff alleges generally that on July 1, 2007, he was given a twenty year jail sentence by Defendant Erie County Court at the recommendation of Defendant Daneri. Plaintiff claims that this sentence was excessive and violated his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. As relief for his claims, Plaintiff seeks immediate release from prison and damages in the amount of $ 200.00 per day for each day he claims he has been wrongfully imprisoned since July 1, 2007.

On April 10, 2012, Defendant Daneri filed a motion to dismiss [ECF No. 12] arguing, *inter alia*, that Plaintiff's claims against him are barred by the applicable statute of limitations

and by the doctrine of absolute prosecutorial immunity. On April 23, 2012, Defendant Erie County Court filed its own motion to dismiss [ECF No. 17] arguing, *inter alia*, that Plaintiff's claims against it are barred by Eleventh Amendment immunity and the Rooker-Feldman Doctrine. Plaintiff has since filed briefs in opposition to these motions. [ECF Nos. 20, 21]. This matter is now ripe for consideration.

### B.  Standards of Review

#### 1.  Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

Recently, the Third Circuit Court prescribed the following three-step approach to determine the sufficiency of a complaint under Twombly and Iqbal:
> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011), citing Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129 S.Ct. at 1947, 1950); see also Great Western Mining & Min. Co. v. Rothschild LLP, 615 F.3d 159, 177 (3d Cir. 2010).

**2.      *Pro Se* Pleadings**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969)("petition prepared by a prisoner... may be inartfully drawn and

should be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant.  Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997)(overruled on other grounds).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).  Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C. Discussion

Plaintiff claims that on July 1, 2007, Defendant Daneri recommended a sentence beyond the statutory maximum penalty for a first offense by using "unauthorized priors for different charges," and that Defendant Erie County Court, "knowing sentence was excessive or should have known, imposed excessive sentence." (ECF No. 3, Complaint, at Section IV.C).  As a result, Plaintiff is asking this Court to recognize that he has been wrongfully incarcerated and to grant him relief accordingly.

The first analysis must be to determine whether or not this court has jurisdiction over the subject matter, as the federal courts are courts of limited jurisdiction.  Under the Rooker-Feldman Doctrine,[1]  federal courts are prohibited "from exercising 'subject matter jurisdiction to review final adjudications of a state's highest court or to evaluate constitutional claims that are inextricably intertwined with the state court's [decision] in a judicial proceeding.'" Ernst v. Child and Youth Services of Chester County, 108 F.3d 486, 491 (3d Cir. 1997), cert. denied, 522 U.S. 850, 118 S.Ct. 139 (1997)(quoting FOCUS v. Allegheny County Court of Common

---

[1] This doctrine arises out of the decisions in Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303 (1983).

Pleas, 75 F.3d 834, 840 (3d Cir. 1996))(internal citations omitted).  For the Rooker-Feldman Doctrine to be applicable here this Court must either "determine that the state court judgment was erroneously entered" or "take action that would render that judgment ineffectual" in order to grant Plaintiff the relief he requests.  Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S.Ct. 149, 150 (1923).

      Plaintiff claims that his constitutional rights were violated by Defendants' actions in pursuing, enforcing, allowing and/or condoning his alleged wrongful imprisonment.  Plaintiff is, in essence, asking this Court to conduct a *de novo* review of all state court proceedings related to his conviction and sentence, in an effort to have the state court judgment expunged and damages assessed against the individual and/or entity deemed responsible for the imposition and execution of such judgment.  In order to grant such relief, a determination that the state court judgment was erroneous must occur, which would render the state court sentencing decision "ineffectual."  This the Court cannot do.[2]

      An appropriate Order follows.

---

[2] Because the Court is dismissing this action on jurisdictional grounds, Defendants' other grounds for dismissing Plaintiff's claims will not be addressed, though they are also found to have no merit.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHNNY B. SHOWERS, | ) | |
|     Plaintiff | ) | C.A. No. 12-26 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Baxter |
| ERIE COUNTY COURT OF | ) | |
| COMMON PLEAS, et al., | ) | |
|     Defendants. | ) | |

## ORDER

AND NOW, this 21st day of August, 2012,

IT IS HEREBY ORDERED that the motions to dismiss filed by Defendant Daneri [ECF No. 12] and Defendant Erie County Court [ECF No. 17] are GRANTED and this case is DISMISSED based upon this Court's lack of subject matter jurisdiction.

The Clerk is directed to mark this case closed.

                                              /s/ Susan Paradise Baxter
                                              SUSAN PARADISE BAXTER
                                              United States Magistrate Judge